# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF AMHERST PIERPOINT COMMERCIAL MORTGAGE SECURITIES LLC, MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB59,** <br><br> Plaintiff, <br><br> v. <br><br> **MICH 424 PARK LLC,** <br><br> Defendant. | CIVIL ACTION <br><br> NO. 1:25-cv-157 |

## COMPLAINT

Plaintiff, Wells Fargo Bank, National Association, as Trustee for the registered holders of Amherst Pierpoint Commercial Mortgage Securities LLC, Multifamily Mortgage Pass-Through Certificates, Series 2019-SB59 ("Lender"), acting by and through its special servicer, KeyBank Real Estate Capital ("KeyBank"), for its Complaint against defendant, MICH 424 Park LLC ("Borrower"), avers as follows:

## I.  PARTIES, JURISDICTION AND VENUE

1. Wells Fargo Bank, National Association, is a national banking association with its main office, as designated in its Articles of Association, located in Sioux Falls, South Dakota. Non-party KeyBank is the Special Servicer for Lender with respect to the Loan (as defined below).

2. Borrower is a New Jersey limited liability company with an address of 1901 Dorchester Road, Apartment #PH, Brooklyn, New York 11226. Upon and information and belief, Borrower's sole member is Boruch Drillman, who is a citizen of New York.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and the action is between citizens of different states.

4. Venue exists in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) because the real property that is the subject of this action is situated in this district.

## II.  FACTS

### A.  The Original Loan Transaction

5. On or about October 26, 2018, CBRE Capital Markets, Inc. ("Original Lender"), issued to Borrower a commercial mortgage loan in the aggregate principal amount of $1,497,000.00 (the "Loan").

6. The Loan is evidenced by a Note effective as of October 26, 2018, executed by Borrower in favor of Original Lender in the principal amount of $1,497,000.00 (the "Note"), a copy of which is attached hereto as *Exhibit A*.

7. To secure repayment on the Note, Borrower executed in favor of Original Lender a Multifamily Mortgage, Assignment of Rents and Security Agreement effective as of October 26, 2018 (the "Mortgage"), with respect to the multifamily property located at 424-428 Park Avenue in East Orange, Essex County, New Jersey. A copy of the Mortgage is attached hereto as *Exhibit B*. The Mortgage was recorded with the Essex County Register of Deeds and Mortgages (the "Register") on October 31, 2018, as Instrument No. 2018094575. The Mortgage is not a purchase money mortgage.

8. The Loan is also evidenced by a Loan Agreement between Borrower and Original Lender effective as of October 26, 2018 (the "Loan Agreement"), a copy of which is attached hereto as *Exhibit C*. The Note, the Mortgage, the Loan Agreement and various other documents executed by Borrower in favor of Original Lender with respect to the Loan are collectively referred to herein as the "Loan Documents."

### B. The Assignments of the Loan

#### i. The First Loan Assignment

9. Original Lender assigned the Loan to the Federal Home Loan Mortgage Corporation ("FHLMC") (the "First Loan Assignment").

10. In connection with the First Loan Assignment, Original Lender assigned, endorsed and delivered the original Note to FHLMC. *See* Ex. A (Note) at p. 9.

11. Also in connection with the First Loan Assignment, Original Lender executed in favor of FHLMC an Assignment of Security Instrument, a copy of which is attached hereto as ***Exhibit D***, which was recorded with the Register on November 15, 2018, as Instrument No. 2018098617.

#### ii. The Second Loan Assignment

12. The Loan was subsequently securitized and assigned by FHLMC to Lender (the "Second Loan Assignment").

13. In connection with the Second Loan Assignment, FHLMC delivered the original Note to Lender with an Allonge firmly affixed thereto. *See* Exhibit A (Note with affixed Allonge).

14. Also in connection with the Second Loan Assignment, FHLMC executed in favor of Lender an Assignment of Multifamily Mortgage, Assignment of Rents and Security Agreement, a copy of which is attached hereto as ***Exhibit E***,

which was recorded with the Register on March 5, 2019, as Instrument No. 2019019930.

### C. Relevant Contractual Provisions

15. The Mortgage secures, *inter alia*, the repayment of the Indebtedness and the performance of Borrower's other obligations under the Loan Documents. *See* Ex. B (Mortgage) at p. 1.

16. Borrower is the owner of the New Jersey real property located at 424-428 Park Avenue in East Orange, Essex County, New Jersey, as more fully described in Exhibit A to the Mortgage (the "Land"), which, together with the Improvements thereon as defined in the Mortgage, has been operated at all relevant times as the "424-428 Park Ave" apartments.

17. The Mortgage provides that "Borrower mortgages, warrants, grants, conveys and assigns to Lender the Mortgaged Property," which is defined as "all of Borrower's present and future right, title and interest in and to" the Land and the Improvements, together with the Fixtures, the Personalty and all other property owned by Borrower and defined in the Mortgage. *See* Ex. B (Mortgage) at pp. 1, 3-4.

18. The Note requires that "Borrower will make a payment every month on the first day of each month (each, a '**Payment Date**')" of principal and interest, with the interest to be calculated at the Variable Annual Interest Rate

beginning with the Payment Date for November 1, 2023. *See* Exhibit A (Note) §§ 1, 2(d) and 3(c).

19. Additionally, the Loan Agreement requires that Borrower deposit with Lender on each Payment Date certain funds for taxes, insurance and specified reserves (collectively, the "Reserve Deposits"). *See* Exhibit C (Loan Agreement) Art. IV.

20. The Loan Agreement defines an Event of Default to exist if, among other things, "Borrower fails to pay or deposit when due any amount required by the Note, this Loan Agreement or any other Loan Document." *See* Exhibit C (Loan Agreement) § 8.01(a).

21. The Note provides that:

> If Lender has not received the full amount of any monthly payment by the 10th day of any month or any amount due under any Loan Document within 9 days after it is due (unless applicable law requires a longer period of time before a late charge may be imposed), then Borrower must pay a late charge to Lender ("**Late Charge**"). The amount of the Late Charge will be 5% of any overdue payment or amount (unless applicable law requires a lower amount to be charged).

*See* Ex. A (Note) § 5(a).

22. The Note also provides that:

> If Lender has not received the full amount of any monthly payment for 30 days or more after the Payment Date or any other Event of Default has occurred and is continuing, then the interest rate under this Note will increase to the Fixed Annual Interest Rate or the Variable Annual Interest Rate, as applicable, plus 4% ("**Default Annual Interest Rate**") beginning on that Payment Date or the date any other Event of

Default commences.

See Ex. A (Note) § 5(b).

23. The Loan Agreement provides that, "[u]pon an Event of Default, Lender may exercise any or all of its rights and remedies provided under the Loan Documents and Borrower will pay all associated costs, including Attorneys' Fees and Costs." *See* Ex. C (Loan Agreement) § 8.03(a).

24. The Mortgage provides that:

> At any time during the existence of an Event of Default, Lender, at Lender's option, may declare the Indebtedness to be immediately due and payable without further demand, and may foreclose this Instrument by judicial proceeding and may invoke any other remedies permitted by New Jersey law, provided in equity or provided in this Instrument or in any other Loan Document. Lender will be entitled to collect all costs and expenses incurred in pursuing such remedies, including Attorneys' Fees and Costs permitted by Rules of Court, costs of documentary evidence, abstracts and title reports.

*See* Ex. B (Mortgage) § 31.

25. The Note requires that Borrower pay a Prepayment Charge, as calculated pursuant to Schedule 1 of the Note, "in connection with any Prepayment under this Note, whether voluntary or involuntary or resulting from a default by Borrower." *See* Ex. A (Note) § 4(b) & Schedule 1; *see also* Ex. B (Mortgage) at p. 3 (defining "Indebtedness" as "including prepayment charges").

### D.     Borrower's Defaults

#### i.     Borrower's Payment Default

26.     Beginning with the monthly Payment Date for December 2023, Borrower has failed to make payments to Lender of principal and interest or reserve deposits.

27.     Borrower's failure to make the required monthly payments constitutes an Event of Default under the Loan Documents. *See* Ex. C (Loan Agreement) § 8.01(a).

28.     Lender, through its counsel, provided a Notice of Default to Borrower by letter dated April 3, 2024 (the "Notice of Default"), a copy of which is attached hereto as **Exhibit F**, which advised Borrower that:

> AS OF THE DATE HEREOF, THE FIXED MONTHLY PRINCIPAL AND INTEREST PAYMENT AMOUNTS AND RESERVE DEPOSITS DUE ON THE PAYMENT DATES FOR DECEMBER 1, 2023, AND JANUARY 1, FEBRUARY 1, MARCH 1 AND APRIL 1, 2024, TOGETHER WITH THE RESULTING LATE CHARGES, DEFAULT INTEREST AND COSTS (COLLECTIVELY, THE "DELINQUENT AMOUNTS"), HAVE NOT BEEN PAID BY BORROWER AND, ACCORDINGLY, (A) AN EVENT OF DEFAULT HAS OCCURRED AND IS CONTINUING UNDER THE NOTE, THE MORTGAGE, THE LOAN AGREEMENT AND THE OTHER LOAN DOCUMENTS, AND (B) DEMAND IS HEREBY MADE OF BORROWER FOR THE IMMEDIATE AND FULL PAYMENT OF THE DELINQUENT AMOUNTS.

*See* Ex. F (Notice of Default) at p. 2.

29.     The Notice of Default further advised Borrower that:

> IN THE EVENT THE DELINQUENT AMOUNTS ARE NOT PAID

IN FULL WITHIN SEVEN DAYS OF THE DATE OF THIS NOTICE, AT THE OPTION OF LENDER, THE INDEBTEDNESS MAY BE ACCELERATED AND DECLARED TO BE IMMEDIATELY DUE AND PAYABLE AND DEMAND MADE FOR THE IMMEDIATE AND FULL PAYMENT OF SAME, AND LENDER MAY EXERCISE SUCH OTHER AND FURTHER RIGHTS, INCLUDING BUT NOT LIMITED TO FORECLOSURE AND ITS OTHER REMEDIES UNDER THE LOAN DOCUMENTS, AS LENDER IN ITS DISCRETION MAY DEEM APPROPRIATE.

*See* Ex. F (Notice of Default) at p. 3.

30. Notwithstanding the Notice of Default, Borrower failed to pay the Delinquent Amounts or otherwise cure the ongoing Event of Default.

31. Lender, through its counsel, provided a Notice of Acceleration to Borrower by letter dated August 1, 2024 (the "Notice of Acceleration"), a copy of which is attached hereto as ***Exhibit G***, which advised Borrower that "AS OF THE DATE HEREOF, THE EVENT OF DEFAULT IDENTIFIED IN THE NOTICE OF DEFAULT HAS NOT BEEN CURED BY BORROWER AND IS CONTINUING." *See* Ex. G (Notice of Acceleration) at p. 2.

32. The Notice of Acceleration further advised Borrower that:

AS A RESULT OF THE OCCURRENCE AND CONTINUANCE OF THE EVENT OF DEFAULT DESCRIBED IN THE NOTICE OF DEFAULT, (A) THE INDEBTEDNESS SECURED BY THE MORTGAGE IS HEREBY ACCELERATED AND DECLARED TO BE IMMEDIATELY DUE AND PAYABLE, (B) DEMAND IS HEREBY MADE OF BORROWER FOR THE IMMEDIATE AND FULL PAYMENT OF THE INDEBTEDNESS, AND (C) INTEREST WILL CONTINUE TO ACCRUE AT THE DEFAULT RATE UNTIL THE INDEBTEDNESS IS PAID IN FULL.

*See* Ex. G (Notice of Acceleration) at p. 2.

33. To date, Borrower has failed to pay the Debt in full or otherwise cure the ongoing Event of Default.

34. Accordingly, Lender brings this action to foreclose the Mortgage under the Loan Documents and New Jersey law.

35. This commercial foreclosure action is not subject to the Fair Foreclosure Act, N.J.S.A. 2A:50-54, because it does not involve a "residential mortgage" as defined in the Act.

### ii. Borrower's Covenant Defaults

36. In addition to Borrower's payment default, Lender has recently discovered that Borrower has also defaulted on its covenants regarding entity status and lien protection.

37. Section 6.13 of the Loan Agreement requires that "until the Indebtedness is paid in full, Borrower will," among other things, "preserve its existence as an entity duly organized, validly existing and in good standing (if applicable) under the laws of the jurisdiction of its formation or organization and will do all things necessary to observe organizational formalities." *See* Ex. C (Loan Agreement) § 6.13(b)(i).

38. Section 8.01(f) provides that it shall be an Event of if "Borrower fails to comply with the provisions of Section 6.13." *See* Ex. C (Loan Agreement) § 8.01(f).

39. As reflected in the Corporate Status Report attached hereto as ***Exhibit H***, the State of New Jersey revoked Borrower's corporate charter effective January 17, 2023, due to Borrower's failure to file an annual report since 2018. *See* Ex. H (Corporate Status Report) at p. 2.

40. Borrower's failure to preserve its existence as an entity duly organized, validly existing and in good standing under the laws of New Jersey is a violation of Section 6.13 and constitutes an Event of Default under Section 8.01(f) of the Loan Agreement. *See* Ex. C (Loan Agreement) §§ 6.13(b)(i) and 8.01(f).

41. Section 6.14(d) of the Loan Agreement mandates that Borrower "will keep the Mortgaged Property free and clear of any and all Liens other than the Lien of the Security Instrument and any other junior Lien to which Lender has consented." *See* Exhibit C (Loan Agreement) § 6.14(d).

42. "Lien" is broadly defined to encompass "any mortgage, deed of trust, deed to secure debt, security interest or other lien or encumbrance on the Mortgaged Property." *See* Exhibit C (Loan Agreement) at p. 50 (defining "Lien").

43. The creation or existence of a Lien upon the Mortgaged Property is a prohibited Transfer that constitutes an Event of Default under the Loan Documents. *See* Exhibit C (Loan Agreement) § 7.02(a).

44. As reflected in the New Jersey Tax & Assessment Search attached hereto as *Exhibit I*, Borrower is presently delinquent on its payments to the East Orange Water Commission and the East Orange Department of Public Works.

45. Upon information and belief, these delinquencies have resulted in the creation and existence of Liens upon the Mortgaged Property in violation of Section 6.14(d) that constitute prohibited Transfers and an Event of Default under Section 7.02(a) of the Loan Agreement. *See* Ex. C (Loan Agreement) §§ 6.14(d) and 7.02(a).

### E. Lender's Damages

46. As of January 3, 2025, there was due and owing on the Loan without defense, deduction, offset, recoupment, or counterclaim the total amount of $1,704,973.08, itemized as follows:

| | |
|---|---:|
| Principal Balance | $1,399,589.11 |
| Note Interest (12/1/23 - 4/30/24) | 33,713.09 |
| Note Interest (5/1/24 - 10/31/24) | 47,611.31 |
| Note Interest (11/1/24 – 1/2/25) | 27,210.81 |
| Default Interest | 62,055.24 |
| Prepayment Premium | 13,995.89 |
| Late Charges | 5,963.93 |
| CBRE Fee | 675.00 |
| Servicing Advances | 39,188.78 |

| | |
|---|---:|
| Interest on Advances – P&I | 3,488.52 |
| Interest on Advances – Servicing Advances | 395.35 |
| Interest on Advances – T&I | 1,044.86 |
| T&I Advances | 31,363.57 |
| Special Servicing Fees | 9,774.19 |
| Liquidation Fee | 28,903.43 |
| TOTAL AMOUNT DUE a/o 1/3/2025 | $1,704,973.08 |

47. Additional Note and Default Interest, together with other fees, charges and costs recoverable under the Loan Documents, have accrued and continue to accrue on the Loan since January 3, 2025.

## COUNT ONE – MORTGAGE FORECLOSURE

48. Paragraphs 1 through 47 of this Complaint are incorporated herein by reference.

49. Borrower executed the Note, which is secured by the Mortgage, in favor of Lender.

50. Borrower has defaulted on its obligations under the Note, the Mortgage, the Loan Agreement and the Other Loan Documents.

51. Lender is authorized by the Mortgage and by New Jersey law to foreclose the Mortgage in the event of a default by Borrower.

52. There is currently due and owing on the Loan the sum of $1,704,973.08, together with accrued and accruing interest, default interest, fees, charges and costs recoverable under the Loan Documents.

WHEREFORE, Lender respectfully requests entry of judgment in its favor and against Borrower on Count One of the Complaint:

(a) Fixing the amount due on the Mortgage;

(b) Barring and foreclosing Borrower from and of any equity of redemption in and to the Property;

(c) Directing that Lender be paid the amount due on the Mortgage, together with additional accrued and accruing interest (at the Default Rate), fees, charges and costs recoverable under the Loan Documents (including but not limited to court costs and attorneys' fees);

(d) Adjudging that the Property be sold according to law to satisfy the amount due Lender;

(e) Appointing a receiver for the Property pending foreclosure; and

(f) For such other and further relief as the Court in its discretion may deem equitable and just.

## COUNT TWO – PERSONAL PROPERTY FORECLOSURE

53. Paragraphs 1 through 52 of this Complaint are incorporated herein by reference.

54. Borrower granted to Original Lender in the Mortgage a security interest in, *inter alia*, certain personalty (the "Personalty") as more fully described in Section 1 of the Mortgage, which is incorporated herein by reference.

55. Original Lender perfected its lien and security interest in the Personalty by filing a UCC-1 Financing Statement with the State of New Jersey, Department of the Treasury, Division of Revenue & Enterprise Services, UCC Section (the "NJ UCC Section"), on December 5, 2018, as Filing No. 53123493, which was assigned to FHLMC via a UCC-3 Amendment filed with the NJ UCC Section on December 6, 2018, subsequently assigned to Lender via a UCC-3 Amendment filed with the NJ UCC Section on March 5, 2019, and continued by Lender via a UCC-3 Continuation filed on July 31, 2023. Copies of the four referenced UCC filings are attached hereto as ***Exhibits J through M***, respectively.

56. Borrower has defaulted on its obligations under the Note, the Mortgage, the Loan Agreement and the Other Loan Documents.

57. Lender is authorized by New Jersey law to foreclose its security interest in the Personalty in the event of a default by Borrower.

58. Lender hereby elects to have the Personalty sold at public sale together with the real property under the Mortgage.

WHEREFORE, Lender respectfully requests entry of judgment in its favor and against Borrower on Count Two of the Complaint adjudging that the Personalty be sold together with the real property under the Mortgage according to law to satisfy the amount due Lender and for such other and further relief as the Court in its discretion may deem equitable and just.

Dated:  January 7, 2025

*/s/ Raymond A. Quaglia*
Raymond A. Quaglia, Esq.
Facundo Bouzat, Esq.
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19013
(215) 665-8500 (Telephone)
(215) 864-8999 (Fax)
quaglia@ballardspahr.com
bouzatf@ballardspahr.com

Counsel for Plaintiff