# Exhibit F

**Ballard Spahr**
LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Raymond A. Quaglia
Tel: 215.864.8530
Fax: 215.864.8999
quaglia@ballardspahr.com

April 3, 2024

*Via FedEx*

MICH 424 Park LLC
1901 Dorchester Road, Apartment # PH
Brooklyn, NY 11226
Attention: Boruch Drillman

Re:   NOTICE OF DEFAULT on the loan to MICH 424 Park LLC, a New Jersey limited liability company ("Borrower"), in the original principal amount of $1,497,000.00 (the "Loan"), evidenced by the Note in the principal amount of $1,497,000.00 effective as of October 26, 2018 (the "Note"), given by Borrower to CBRE Capital Markets, Inc. ("Original Lender"), and the Loan Agreement between Borrower and Original Lender effective as of October 26, 2018 (the "Loan Agreement"), and secured by the Multifamily Mortgage, Assignment of Rents and Security Agreement from Borrower to Original Lender effective as of October 26, 2018 (the "Mortgage") (the Note, the Loan Agreement, the Mortgage and all other loan documents being collectively referred to herein as the "Loan Documents"), the Loan Documents having been assigned to and being held by Wells Fargo Bank, National Association, as Trustee, for the benefit of the holders of Amherst Pierpoint Commercial Mortgage Securities LLC, Multifamily Mortgage Pass-Through Certificates, Series 2019-SB59 ("Lender")

Dear Borrower:

We are counsel to Lender and to KeyBank National Association ("KeyBank"), acting solely in its capacity as Special Servicer on behalf of Lender. KeyBank is empowered to act on behalf of Lender in connection with the Loan. Capitalized terms used and not defined herein shall be as defined in the Loan Documents.

The Note requires that "Borrower will make a payment every month on the first day of each month (each, a '**Payment Date**')" of principal and interest, with the interest to be calculated at the Variable Annual Interest Rate beginning with the Payment Date for November 1, 2023. *See* Note §§ 1, 2(d) and 3(c). Additionally, the Loan Agreement requires that Borrower deposit with Lender on each Payment Date certain funds for taxes, insurance and specified reserves (collectively, the "Reserve Deposits"). Loan Agreement Art. IV.

The Loan Agreement defines an Event of Default to exist if, among other things, "Borrower fails to pay or deposit when due any amount required by the Note, this Loan Agreement or any other Loan Document." Loan Agreement § 8.01(a).

DMFIRM #411749820 v1

MICH 424 Park LLC
April 3, 2024
Page 2

The Note provides that:

> If Lender has not received the full amount of any monthly payment by the 10¹ʰ day of any month or any amount due under any Loan Document within 9 days after it is due (unless applicable law requires a longer period of time before a late charge may be imposed), then Borrower must pay a late charge to Lender ("**Late Charge**"). The amount of the Late Charge will be 5% of any overdue payment or amount (unless applicable law requires a lower amount to be charged).

Note § 5(a).

The Note also provides that:

> If Lender has not received the full amount of any monthly payment for 30 days or more after the Payment Date or any other Event of Default has occurred and is continuing, then the interest rate under this Note will increase to the Fixed Annual Interest Rate or the Variable Annual Interest Rate, as applicable, plus 4% ("**Default Annual Interest Rate**") beginning on that Payment Date or the date any other Event of Default commences.

Note § 5(b).

The Mortgage provides that:

> At any time during the existence of an Event of Default, Lender, at Lender's option, may declare the Indebtedness to be immediately due and payable without further demand, and may foreclose this Instrument by judicial proceeding and may invoke any other remedies permitted by New Jersey law, provided in equity or provided in this Instrument or in any other Loan Document. Lender will be entitled to collect all costs and expenses incurred in pursuing such remedies, including Attorneys' Fees and Costs permitted by Rules of Court, costs of documentary evidence, abstracts and title reports.

Mortgage § 31.

PLEASE BE ADVISED THAT, AS OF THE DATE HEREOF, THE FIXED MONTHLY PRINCIPAL AND INTEREST PAYMENT AMOUNTS AND RESERVE DEPOSITS DUE ON THE PAYMENT DATES FOR DECEMBER 1, 2023, AND JANUARY 1, FEBRUARY 1, MARCH 1 AND APRIL 1, 2024, TOGETHER WITH THE RESULTING LATE CHARGES, DEFAULT INTEREST AND COSTS (COLLECTIVELY, THE "DELINQUENT AMOUNTS"), HAVE NOT BEEN PAID BY BORROWER AND, ACCORDINGLY, (A) AN EVENT OF DEFAULT HAS OCCURRED AND IS CONTINUING UNDER THE NOTE, THE MORTGAGE, THE LOAN AGREEMENT AND THE OTHER LOAN DOCUMENTS, AND (B) DEMAND IS HEREBY MADE OF BORROWER FOR THE IMMEDIATE AND FULL PAYMENT OF THE DELINQUENT AMOUNTS.

MICH 424 Park LLC
April 3, 2024
Page 3

IN THE EVENT THE DELINQUENT AMOUNTS ARE NOT PAID IN FULL WITHIN SEVEN DAYS OF THE DATE OF THIS NOTICE, AT THE OPTION OF LENDER, THE INDEBTEDNESS MAY BE ACCELERATED AND DECLARED TO BE IMMEDIATELY DUE AND PAYABLE AND DEMAND MADE FOR THE IMMEDIATE AND FULL PAYMENT OF SAME, AND LENDER MAY EXERCISE SUCH OTHER AND FURTHER RIGHTS, INCLUDING BUT NOT LIMITED TO FORECLOSURE AND ITS OTHER REMEDIES UNDER THE LOAN DOCUMENTS, AS LENDER IN ITS DISCRETION MAY DEEM APPROPRIATE.

Any partial payment of the Delinquent Amounts to Lender by or on behalf of Borrower shall be applied in accordance with the Loan Documents and the receipt, acceptance and/or application of any such partial payment shall not be deemed or construed as (a) a waiver or cure, in whole or in part, of any existing, potential or future Event of Default, (b) a waiver or limitation of any of Lender's rights, remedies and powers under the Loan Documents or applicable law or in equity, all of which are specifically reserved, (c) a waiver or limitation of any of Borrower's obligations under the Loan Documents, (d) a modification of, amendment to, or forbearance of the enforcement of, any of the provisions of the Loan Documents, all of which shall remain in full force and effect according to their terms, or (e) a reinstatement or extension of the Loan.

This Notice is provided as a courtesy and is not intended and should not be misconstrued as an admission that any written notice is otherwise due to Borrower from Lender.

As there may be other existing or potential Events of Default, other than the Event of Default described in this Notice, Lender hereby reserves and preserves any and all of its rights, remedies and powers under the Loan Documents and applicable law and in equity with regard to the Event of Default described in this Notice and any other existing, potential or future Events of Default under the Loan Documents.

If you should you have any questions regarding this matter, including the full amount of the Delinquent Amounts owed to Lender, please contact Isaac Judge, Asset Manager, at KeyBank at 913-218-2757, or via email at [Isaac_S_Judge@keybank.com](mailto:Isaac_S_Judge@keybank.com).

Sincerely,

*/s/ Raymond A. Quaglia*

Raymond A. Quaglia


cc:     Mr. Isaac Judge (via email)

MICH 424 Park LLC
April 3, 2024
Page 4

ATTENTION TO ANY DEBTOR IN BANKRUPTCY OR ANY DEBTOR WHO HAS RECEIVED A DISCHARGE IN BANKRUPTCY OR WHO MAY HAVE PAID OR SETTLED OR OTHERWISE NOT BE OBLIGATED UNDER THE LOAN: Please be advised that this letter constitutes neither a demand for payment of the Loan, nor a notice of personal liability to, nor action against, any recipient hereof who may have received a discharge of the Loan in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code or has paid or settled or is otherwise not obligated by law for the Loan.