IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF AMHERST PIERPOINT COMMERCIAL MORTGAGE SECURITIES LLC, MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB59,**<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**MICH 424 PARK LLC,**<br><br>　　　　　Defendant. | : : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION<br><br>NO. 2:25-CV-00157-ES-JSA |

## **DECLARATION OF ETHAN J. MEYER**

　　　　Pursuant to 28 U.S.C. § 1746, Ethan J. Meyer hereby declares as follows:

　　　　1.　　I am over the age of 18 years old and competent to testify in a court of law. I am employed as a Real Estate Analyst with KeyBank Real Estate Capital ("KeyBank"), which is the Special Servicer for the subject $1,497,000.00 commercial mortgage loan (the "Loan") to defendant, MICH 424 Park LLC ("Borrower"), which is now held by plaintiff, Wells Fargo Bank, National Association, as Trustee for the registered holders of Amherst Pierpoint Commercial

Mortgage Securities LLC, Multifamily Mortgage Pass-Through Certificates, Series 2019-SB59 ("Lender").

2. I have personal knowledge of the facts and circumstances set forth herein and have personally worked on and reviewed the books, records and files of Lender and KeyBank that pertain to the Loan (collectively, the "Business Records"). I am familiar with Lender's and KeyBank's business record keeping practices and procedures pertaining to the servicing and administration of commercial loans, including the processes and systems used to record and access such information. In accordance with KeyBank's routine business practices, upon and after the transfer of servicing of the Loan to KeyBank, Lender's documents and business records pertaining to the Loan have been provided to KeyBank and incorporated into KeyBank's own Business Records in the ordinary course of its day-to-day business as Special Servicer.

3. The Business Records relied on herein were made and maintained in the regular course of Lender's and/or KeyBank's business, as a routine and regularly conducted business activity required to conduct core business functions, at the time of or within a reasonable time after the act, transaction, occurrence or event to which they relate, thereby ensuring that such records are a fair and accurate representation of the act, transaction, occurrence or event recorded. While many of the processes for creating and maintaining records are automated,

where an employee of KeyBank, Lender or Lender's other servicers manually entered data relating to loans on their respective record-keeping systems, such person had personal knowledge of the event being recorded and had a business duty to record such event accurately and at or near the time they acquired such knowledge.

4. I am responsible for the administration and servicing of the Loan on behalf of KeyBank and Lender and respectfully submit this Declaration in support of Lender's motion for the appointment of a receiver for the mortgaged property, a three-story walk-up mixed-use apartment building located at 424-428 Park Avenue in East Orange, Essex County, New Jersey (the "Property"), which contains eight residential units and 2,750 square feet of commercial space across three units.

**A.  The Loan and the Loan Documents**

5. CBRE Capital Markets, Inc. ("Original Lender"), issued the Loan to Borrower on or about October 26, 2018.

6. In connection with the Loan, Borrower and/or its sponsor/guarantor, Boruch Drillman, executed in favor of Original Lender various documents (collectively, the "Loan Documents"), including:

(a) A Note in the principal amount of $1,497,000.00 effective as of October 26, 2018 (the "Note"), a copy of which is attached hereto as ***Exhibit A***,

(b) A Multifamily Mortgage, Assignment of Rents and Security Agreement effective as of October 26, 2018 (the "<u>Mortgage</u>"), a copy of which is attached hereto as *Exhibit B*;

(c) A Loan Agreement effective as of October 26, 2018 (the "Loan Agreement"), a copy of the relevant portions of which is attached hereto as *Exhibit C*; and

(d) A Guaranty from Mr. Drillman to Original Lender effective as of October 26, 2018, a copy of which is attached hereto as *Exhibit D*.

7. Lender is the current holder of the original endorsed Note, the original Mortgage and the other Loan Documents.

**B. Borrower's Cessation of Monthly Payments**

8. Attached hereto as *Exhibit E* is a Loan History for the period from origination to January 21, 2025, which I caused to be generated from the Business Records for the Loan.

9. The Loan History demonstrates that beginning in December 2023, Borrower has failed to make payments to Lender of principal and interest or reserve deposits. *See* Ex. E (Loan History).

10. Lender, through its counsel, provided a Notice of Default to Borrower by letter dated April 3, 2024 (the "<u>Notice of Default</u>"), a copy of which is attached hereto as *Exhibit F*.

11. Notwithstanding the Notice of Default, Borrower failed to cure the ongoing Event of Default by paying the delinquent amounts due on the Loan. *See* Ex. E (Loan History).

12. Lender, through its counsel, provided a Notice of Acceleration to Borrower by letter dated August 1, 2024 (the "Notice of Acceleration"), a copy of which is attached hereto as **Exhibit G**.

**C.   Borrower's Unauthorized Change of Property Manager**

13. Upon information and belief, effective April 15, 2024, Borrower changed the identity of the Property Manager from OPEX Realty Management, Inc., to Estate Realty Management without Lender's prior consent.

**D.   Lender's Decision to Apply for Appointment of a Receiver**

14. Based upon the foregoing factors, together with additional matters of public record addressed in the Declaration of Raymond A. Quaglia, Lender has elected to apply for the appointment of a receiver for the Property and respectfully proposes that the Court appoint Ian Lagowitz with Trigild IVL, 24 Church Street, Montclair, New Jersey 07042.

15. Mr. Lagowitz has demonstrated to Lender's satisfaction that he and his company have the knowledge, experience and resources to manage the Property. A copy of Mr. Lagowitz's receivership proposal is attached hereto as **Exhibit H**.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: January 21, 2025

_____
Ethan J. Meyer