# Exhibit G

**Ballard Spahr**
LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Raymond A. Quaglia
Tel: 215.864.8530
Fax: 215.864.8999
quaglia@ballardspahr.com

August 1, 2024

*Via FedEx*

MICH 424 Park LLC
1901 Dorchester Road, Apartment # PH
Brooklyn, NY  11226
Attention: Boruch Drillman

Re:   NOTICE OF ACCELERATION of the loan to MICH 424 Park LLC, a New Jersey limited liability company ("Borrower"), in the original principal amount of $1,497,000.00 (the "Loan"), evidenced by the Note in the principal amount of $1,497,000.00 effective as of October 26, 2018 (the "Note"), given by Borrower to CBRE Capital Markets, Inc. ("Original Lender"), and the Loan Agreement between Borrower and Original Lender effective as of October 26, 2018 (the "Loan Agreement"), and secured by the Multifamily Mortgage, Assignment of Rents and Security Agreement from Borrower to Original Lender effective as of October 26, 2018 (the "Mortgage") (the Note, the Loan Agreement, the Mortgage and all other loan documents being collectively referred to herein as the "Loan Documents"), the Loan Documents having been assigned to and being held by Wells Fargo Bank, National Association, as Trustee for the benefit of the holders of Amherst Pierpoint Commercial Mortgage Securities LLC, Multifamily Mortgage Pass-Through Certificates, Series 2019-SB59 ("Lender").

Dear Borrower:

We are counsel to Lender and to KeyBank National Association ("KeyBank"), acting solely in its capacity as Special Servicer on behalf of Lender.  KeyBank is empowered to act on behalf of Lender in connection with the Loan.  Capitalized terms used and not defined herein shall be as defined in the Loan Documents.

Reference is made to the Notice of Default dated April 3, 2024, issued to Borrower by the undersigned (the "Notice of Default").  The Notice of Default notified Borrower that an Event of Default had occurred under the Note, the Mortgage, the Loan Agreement and the other Loan Documents by virtue of Borrower's failure to make its required monthly payments of principal and interest and reserve deposits beginning with the Payment Date for December 1, 2023, together with the resulting late charges, default interest and costs.

The Loan Documents provide that, at any time during the existence of an Event of Default, Lender may, among other remedies, "declare the Indebtedness to be immediately due and payable without further demand."  *See* Mortgage § 31; *accord* Note § 5(e).

DMFIRM #413059233 v1

MICH 424 Park LLC
August 1, 2024
Page 2

The Notice of Default advised Borrower that, if the Delinquent Amounts (as defined) were not paid in full within seven days of the date of the Notice of Default, the Indebtedness may be accelerated and declared to be immediately due and payable and demand made for the immediate and full payment of same.

PLEASE BE ADVISED THAT, AS OF THE DATE HEREOF, THE EVENT OF DEFAULT IDENTIFIED IN THE NOTICE OF DEFAULT HAS NOT BEEN CURED BY BORROWER AND IS CONTINUING.

PLEASE BE FURTHER ADVISED THAT, AS A RESULT OF THE OCCURRENCE AND CONTINUANCE OF THE EVENT OF DEFAULT DESCRIBED IN THE NOTICE OF DEFAULT, (A) THE INDEBTEDNESS SECURED BY THE MORTGAGE IS HEREBY ACCELERATED AND DECLARED TO BE IMMEDIATELY DUE AND PAYABLE, (B) DEMAND IS HEREBY MADE OF BORROWER FOR THE IMMEDIATE AND FULL PAYMENT OF THE INDEBTEDNESS, AND (C) INTEREST WILL CONTINUE TO ACCRUE AT THE DEFAULT RATE UNTIL THE INDEBTEDNESS IS PAID IN FULL.

Further, in the event Borrower makes any subsequent payment of any amount less than the full Indebtedness due under the Loan ("Partial Payment"), Lender will apply such Partial Payment to the Indebtedness owing under the Loan Documents as a partial payment. No such Partial Payment or the acceptance thereof by Lender shall constitute or be deemed or construed as a waiver of any default under the Loan Documents. In addition, any Partial Payment or the acceptance of any Partial Payment of Lender shall not constitute or be deemed or construed as a cure of any existing default under the Loan Documents, a modification of the Loan Documents or the terms of this letter, a reinstatement or satisfaction of the Loan, an election of remedies by Lender, or a waiver, modification, relinquishment or forbearance by Lender of any of Lender's rights or remedies under the Loan Documents or at law or in equity, all of which rights and remedies Lender hereby expressly reserves.

This Notice is provided as a courtesy and is not intended and should not be misconstrued as an admission that any written notice is otherwise due to Borrower from Lender.

As there may be other existing or potential Events of Default, other than the Event of Default described in the Notice of Default, Lender hereby reserves any and all of its rights, remedies and powers under the Loan Documents and applicable law and in equity with regard to the Event of Default described in the Notice of Default and any other existing, potential or future Events of Default under the Loan Documents.

MICH 424 Park LLC
August 1, 2024
Page 3

If you should you have any questions regarding this matter, including the full amount of the Indebtedness owed to Lender, please contact Isaac Judge, Asset Manager, at KeyBank at 913-218-2757, or via email at Isaac_S_Judge@keybank.com.

Sincerely,

*/s/ Raymond A. Quaglia*

Raymond A. Quaglia


cc:     Mr. Isaac Judge (via email)




ATTENTION TO ANY DEBTOR IN BANKRUPTCY OR ANY DEBTOR WHO HAS RECEIVED A DISCHARGE IN BANKRUPTCY OR WHO MAY HAVE PAID OR SETTLED OR OTHERWISE NOT BE OBLIGATED UNDER THE LOAN: Please be advised that this letter constitutes neither a demand for payment of the Loan, nor a notice of personal liability to, nor action against, any recipient hereof who may have received a discharge of the Loan in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code or has paid or settled or is otherwise not obligated by law for the Loan.