Avram E. Frisch, Esq.
The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
Attorney for Defendant MICH 424 PARK LLC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------------- x

«
WELLS FARGO BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE
REGISTERED HOLDERS OF AMHERST
PIERPOINT COMMERCIAL MORTGAGE
SECURITIES LLC, MULTIFAMILY
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2019-SB59

Plaintiff

v.

MICH 424 PARK LLC

Defendant

Docket No. 2:25-cv-00157-ES-JSA

---------------------------------------------------------------- x

**MEMORANDUM OF LAW OF DEFENDANT IN OPPOSITION TO THE MOTION**

# Contents

1. Introduction .................................................................................................................. 4
2. Factual Background ..................................................................................................... 4
3. Legal Argument ............................................................................................................ 6
    a. Standard for appointing a rent receiver ............................................................... 6
    b. The Fraud Conviction should not be considered ................................................. 6
    c. The Change in Management was beneficial to the Property ............................... 7
    d. The Single Lien does not justify the expense of the appointment of a receiver .......... 7
    e. The Property is more valuable than the Mortgage Amount ................................ 7
    f. Mr. Lagowitz ........................................................................................................ 8
4. Conclusion .................................................................................................................... 8

# Table of Authorities

**Cases**

*United States v. Berk & Berk*, 767 F. Supp. 593, 597 (D.N.J. 1991) .............................................. 6
*Wells Fargo Bank, N.A. v. CCC Atl., LLC*, 905 F. Supp. 2d 604, 614 (D.N.J. 2012) .................... 6

1. **Introduction**

This memorandum of law is in opposition to the Plaintiff's application for the appointment of a rent receiver. As will be demonstrated, the Property has ample equity in the event of a judgment in the Plaintiff's favor, and the other issues raised are simply red herrings that do not establish any reason to believe that the Plaintiff's collateral is somehow at risk. In reality, the Plaintiff has a substantial equity cushion in the Property and the Property is being properly managed. As such, the application should be denied as it is a clear waste of money.

2. **Factual Background**

Defendant acknowledges the loan documents that are recited by the Plaintiff's counsel, and for the purposes of this motion will not dispute that the Plaintiff is in fact the holder of the note as alleged[1]. Defendant is also not challenging, for the purposes of this motion only, that there is a default in the payment of monthly mortgage payments. Plaintiff conflates the assignment of rents and the provision to appoint a rent receiver, but Defendant acknowledges that the Plaintiff is entitled to collect the rents pursuant to the Assignment of Leases and Rents. Having established these basics, the Plaintiff then proceeds to cite various red herrings that do not support its application.

First, Plaintiff cites the irrelevant fact that Mr. Drillman has pled guilty to a criminal fraud charge in regard to an unrelated matter. This fact is irrelevant to the question of whether the borrower on this loan has defaulted or whether a rent receiver is necessary. The charges in the criminal matter relate to an entirely independent transaction that occurred after the loan at issue; the charges do not reflect any facts that are related to the issues at hand; and do not establish any sort of pattern or habit. It is simply an effort by the Plaintiff to engage in character assassination as an attempt to bolster its weak application.

---

[1] Plaintiff is obligated to prove it has standing and that it is in fact the owner of the note, but the Defendant will raise that issue in response to the Complaint.

Next, the Plaintiff claims that the Defendant's corporate charter was revoked by the State of New Jersey for failure to file annual reports. This was in fact the case, a minor paperwork oversight that is eminently curable, even if it remained an issue. However, long before the instant motion was filed, the deficiency had been cured on September 20, 2024, long before this motion was filed. See Frisch Exh. A. Plaintiff's application makes no reference to the reinstatement, which is misleading to the Court. As the alleged event of default has been cured, the Plaintiff can assert no prejudice from the failure to file the annual reports or the temporary period in which the Defendant's status was listed as revoked by the State of New Jersey.

Next the Plaintiff notes that the Property has been exposed to liens. There is one lien and it is for $932 and was sold as a lien in December 2024. The Defendant just recently became aware of it, and is taking steps to promptly redeem this lien and will notify the Court when the redemption is completed. Decl. of Borcuh Drillman. Similarly, the Defendant changed property managers and has retained an experienced, professional firm to manage the Property. *See* Decl. of Boruch Drillman. The new property manager has experiencing managing thousands of multifamily units in scores of buildings throughout New Jersey. Even if the change was a technical default, it does not strengthn the case for the appointment of a rent receiver. Id.

Notably, the Plaintiff fails to provide any information about the amount of equity in the Property remaining or an appraisal. They provide no rent roll, no payoff statement or other documentation for the Court to undertake any analysis of the financial wellbeing of the Property and whether there is any degradation in the quality of the collateral available for recovery. The Property is mostly rented, and covers its monthly operating expenses (outside of the mortgage payments). *See* Drillman Exh. A.

3. Legal Argument
a. Standard for appointing a rent receiver

"When considering whether to appoint a receiver in the context of a mortgage foreclosure, the following factors guide the Court in its exercise of discretion: 'the property is inadequate security for the loan; the mortgage contract contains a clause granting the mortgagee the right to a receiver; the continued default of the mortgagor; the probability that foreclosure will be delayed in the future; the unstable financial status of the mortgagor; [and] the misuse of project funds by the mortgagor.'" *Wells Fargo Bank, N.A. v. CCC Atl., LLC*, 905 F. Supp. 2d 604, 614 (D.N.J. 2012) quoting *United States v. Berk & Berk*, 767 F. Supp. 593, 597 (D.N.J. 1991).

Of the cited factors, the Plaintiff has not established that the Property does not have sufficient equity for the loan, as there is in fact more equity in the Property than the current loan balance. The Plaintiff has established that the mortgage contains a grant of a right to appoint a receiver and the continued default of the mortgagor. The Plaintiff has no basis for claiming that the foreclosure will be delayed, as it is proceeding at this time and the Courts are operational and the ultimate foreclosure will proceed promptly through this Court's process. While the Borrower is clearly in financial trouble, there is no basis to conclude that any funds have been misused. As noted above, the Property is operating largely occupied and is generating sufficient rents to cover the operating costs outside of the mortgage payments. The collateral is the same as it has always been, and granting extraordinary relief for the appointment of a rent receiver will not improve the Plaintiff's ability to collect on its debt from the Property. The cases cited by the Plaintiff support this conclusion under both Federal and the New Jersey cases cited.

b. The Fraud Conviction should not be considered

Plaintiff's application appears to largely rest on the fraudulent conduct of Mr. Drillman in regard to an entirely unrelated transaction. Mr. Drillman has pled guilty to his crimes and has

accepted his guilt in that matter. In fact, Mr. Drillman has frequently expressed remorse for the conduct in those cases, and there is no basis to assume that his conduct in those unrelated transactions would impact his behavior in this action (where the Plaintiff has not alleged any fraudulent conduct whatsoever). The question of whether a single admitted criminal act should forever tar Mr. Drillman (or would even be admissible in evidence in this action at all) should not guide the Court in the appointment of a rent receiver.

c. **The Change in Management was beneficial to the Property**

As set forth in Mr. Drillman's declaration, the prior management company was not adequate and he made the change in order to improve the operations of the Property. The change has been a tremendous success and the building is now almost fully leased and in excellent condition due to the efforts of the new management company. This is simply no basis to appoint a rent receiver.

d. **The Single Lien does not justify the expense of the appointment of a receiver**

The lien referenced by the Plaintiff is for $932, plus subsequent accruals. The Plaintiff makes no showing that this small lien is in any way a risk to its collateral, and certainly not one that justifies the appointment of a very expensive receiver such as Mr. Lagerowitz. In fact, the Plaintiff provides the Court no information as to the value of the Property, the current balance of its loan or any issue that it might have in obtaining relief by a sale of the collateral at the conclusion of this action. Nor do they provide a clear record of the costs of appointing a receiver, but the costs will be substantial. The Defendant only recently learned of the lien, which was sold recently, and it was an oversight. The Defendant intends to promptly redeem this lien.

e. **The Property is more valuable than the Mortgage Amount**

The reason that the Plaintiff fails to provide any information on the Property's value or the amount due to the Plaintiff is that it would demonstrate that the drastic step of appointing a receiver is not justified here. The Property has a value of approximately $2,000,000 and the debt is currently about $1,579,000, suggesting substantial equity to satisfy the debt even with the time necessary to prosecute a foreclosure action. As such, the fact that the Borrower is in financial distress does not change the value of the collateral, or that it is being properly maintained on an ongoing basis.

**f. Mr. Lagowitz**

The Defendant has no objection to Mr. Lagowitz personally, as he appears to be eminently qualified for the role of a rent receiver. The Defendant is only concerned that Mr. Lagowitz, who is appointed all over the country for properties much larger than this one will be overkill for a small multifamily property in east Orange.

**4. Conclusion**
For these reasons, the Defendant requests that the application be denied.

/s/ Avram E. Frisch
Avram E. Frisch