# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF AMHERST PIERPOINT COMMERCIAL MORTGAGE SECURITIES LLC, MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB59,**<br><br>Plaintiff,<br><br>v.<br><br>**MICH 424 PARK LLC,**<br><br>Defendant. | CIVIL ACTION<br><br>NO. 2:25-cv-00157-ES-JSA |

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT
OF ITS MOTION TO APPOINT A RECEIVER**

**MOTION DATE: APRIL 7, 2025**

Plaintiff/Lender has moved in this mortgage foreclosure action to appoint an operating receiver for Defendant/Borrower's mixed-use property in East Orange, New Jersey (the "Property").  Borrower's opposition concedes that "there is a default in the payment of monthly mortgage payments," that the Mortgage entitles Lender to the appointment of a receiver in the event of a default, that "Borrower is clearly in financial trouble," that Borrower's principal, Boruch Drillman, is awaiting sentencing on a criminal mortgage fraud conviction, that there are liens on the Property, that Borrower changed property managers without Lender's required consent and that Lender's proposed receiver "appears to be eminently qualified."  Nonetheless, Borrower asks the Court to deny Lender's request to appoint a receiver for the stated reasons that "Plaintiff has a substantial equity cushion in the Property and the Property is being properly managed." *See* Opp. Br. at p. 1.

Borrower's position is without merit.  As a threshold matter, whether or to what extent Lender may have an "equity cushion" in the Property is irrelevant because the Mortgage provides that Lender is entitled to the appointment of a receiver upon Borrower's default "regardless of the adequacy of Lender's security." *See* Meyer Dec., Ex. B (Mortgage) § 3(c)(ii).  Yet, even assuming, *arguendo*, that Lender's relative equity were germane, Borrower has manifestly failed to demonstrate that any such equity exists.  In this context, Borrower asserts in its brief

that "[t]he Property has a value of approximately $2,000,000 and the debt is currently about $1,579,000," *see* Opp. Br. at p. 5, yet proffers no support whatsoever for either number. Neither Mr. Drillman nor anyone else has attested to the alleged $2,000,000 valuation, and Lender's Complaint avers a debt in excess of $1,700,000 as of January 3, 2025, which has only increased since then in the absence of any payments from Borrower.

This nonpayment itself raises substantial doubt regarding the management of the Property. Indeed, Borrower's assurance to the Court that the Property "covers its monthly operating expenses (*outside of the mortgage payments*)," *see* Opp. Br. at p. 2 (italics added), merely begs the question of how a property that – according to Mr. Drillman – is "in excellent condition, is almost fully rented and is largely performing," *see* Drillman Dec. ¶ 5, has supposedly not generated sufficient revenue for Borrower to have paid one dime to Lender for nearly 18 months. Borrower does not suggest that this unacceptable state of affairs would change if the Court declines to enforce Lender's right to the appointment of a receiver.

Borrower's dismissiveness towards the other grounds for receivership is equally unavailing. Thus, Borrower asserts variously that Mr. Drillman's criminal conviction is "irrelevant," that the State of New Jersey's revocation of Borrower's

corporate charter was "a minor paperwork oversight" that has been "cured,"[1] that Borrower is "taking steps to promptly redeem" the tax lien on the Property and that the unauthorized change in property management was merely a "technical default." It is respectfully submitted that the Court should reject these perfunctory excuses and hold Borrower to its promised consent to the appointment of a receiver in this action.

Respectfully submitted,

Dated: March 31, 2025

/s/ Raymond A. Quaglia
Raymond A. Quaglia, Esq.
Facundo Bouzat, Esq.
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19013
(215) 665-8500 (Telephone)
(215) 864-8999 (Fax)
quaglia@ballardspahr.com
bouzatf@ballardspahr.com

Counsel for Plaintiff

---

[1] Borrower accuses Lender of "misleading" the Court by failing to disclose the reinstatement of Borrower's corporate charter. Without disputing such reinstatement, Lender respectfully submits that: (i) Lender's counsel served a demand on Mr. Drillman by letter dated August 5, 2024, which cited the revocation of Borrower's charter; (ii) before commencing this action, Lender's counsel obtained on December 27, 2024, a title commitment effective December 13, 2024, which continued to reflect that Borrower's charter had been revoked; and (iii) Borrower did not advise Lender of the reinstatement of its charter at any time before filing its opposition to Lender's receiver motion on March 25, 2025.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 31st day of March 2025, I caused a true and correct copy of the foregoing Reply Brief in Further Supp0ort of its Motion to Appoint Receiver to be served upon counsel of record via CM/ECF.


                                                           /s/ *Raymond A. Quaglia*
                                                           Raymond A. Quaglia