UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF AMHERST PIERPOINT COMMERCIAL MORTGAGE SECURITIES LLC, MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB59,**<br>       Plaintiff,<br><br>v.<br><br>**MICH 424 PARK LLC,**<br>       Defendant. | Civil Action No. 25-157 (ES)(JSA)<br><br><br><br>PRETRIAL SCHEDULING ORDER |

**THIS MATTER** having come before the Court for an Initial Scheduling Video Conference on May 14, 2025, pursuant to Rule 16 of the Federal Rules of Civil Procedure; and for good cause shown:

**IT IS** on this 14th day of May 2025,

**ORDERED THAT:**

### I. DISCLOSURES

1. The parties have exchanged Fed. R. Civ. P. 26 initial disclosures.

2. Disclosure of Third-Party Litigation Funding, if applicable, pursuant to Local Civil Rule 7.1.1, to the extent applicable, any party shall file the discovery by **[N/A]**.

### II. E-DISCOVERY CONFERENCE

3. The parties shall hold, as necessary, an E-Discovery conference, pursuant to L. Civ. R. 26.1(d), **on or before [N/A].**

### III. DISCOVERY

4. Fact discovery shall remain open through **August 15, 2025**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

5. The parties may serve interrogatories limited to **fifteen (15)** single questions, including subparts, and requests for production of documents **on or before May 30, 2025**, to be responded to **within thirty (30) days of receipt.**

6. Excluding Fed. R. Civ. P. 30(b)(6) and expert witness depositions, the parties may take a maximum of **one (1)** fact deposition per side subject to the parties' stipulation to conduct more. A party must obtain leave of court before taking any additional depositions.

7. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated. See Fed. R. Civ. P. 30(c)(2).

8. To the extent applicable, the parties should confer and reach agreement on any electronically stored information ("ESI") protocols. Further, if appropriate, the parties should confer and submit any proposed order on ESI protocols by **[N/A]**.

9. Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention. See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1). Should such informal effort fail to resolve the dispute, the parties shall submit a letter, not to exceed three (3) double-spaced pages, that sets forth the specific nature of the dispute and what good faith attempts were made to informally resolve any such dispute. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

Failure by any party to meet and confer in good faith will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs and without prior leave of Court.

10. Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court **not later than thirty (30) days before the fact discovery deadline**. **The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date**. If an unresolved dispute arises at a deposition, then the parties must contact the Chambers of the Undersigned for assistance during the deposition. Failure to contact Chambers for intervention before adjourning that deposition may constitute waiver of the right to seek relief from the Court.

11. The parties should confer and submit any proposed order relating to the non-waiver or privilege through inadvertent disclosure, pursuant to Federal Rule of Evidence 502(d), **on or before [N/A]**.

### IV. DISCOVERY CONFIDENTIALITY ORDERS

12. The parties should submit any proposed Discovery Confidentiality Order **on or before June 10, 2025.** Any proposed confidentiality order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and Local Civil Rule 5.3. See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995). Any such form of order must be clearly designated **"Discovery Confidentiality Order."** See L. Civ. R. 5.3.

13. Any disputes over the entry of a discovery confidentiality order should be raised with the Undersigned pursuant to Local Civil Rule 37.1 following a good faith effort to meet and confer. See L. Civ. R. 5.3(b)(5); L. Civ. R. 37.1. The absence of a discovery confidentiality order is not a sufficient basis to withhold discovery. Pending the entry of a discovery confidentiality

order and/or during the pendency of any dispute relating to the entry of a discovery confidentiality order, discovery shall proceed on a temporary attorney's eyes only basis.

### V.  FUTURE CONFERENCES

14.    The Court shall conduct a **Telephone Status Conference on July 22, 2025 at 3:30 p.m. The parties are instructed to dial #1-855-244-8681 and enter Access Code: 23024029552#** at the time of the Conference. **On or before July 15, 2025**, the parties shall provide the Court with a joint status letter, setting forth the status of completing discovery and any settlement discussions

15.    The Court may from time to time schedule conferences as may be required, either <u>sua</u> <u>sponte</u> or at the request of a party.

16.    Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

17.    Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

18.    A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

### VI.  MOTIONS

19.    Any motions for leave to amend the pleadings and/or add or join parties shall be filed **on or before [N/A].** Any such motion must include, as an exhibit in support of the motion, a black-lined or red-lined version of the proposed amended pleading that shows any changes. The Court may administratively terminate any motion that does not include such an exhibit. Service of process shall be effectuated in accordance with the Federal Rules of Civil Procedure.

20.    Motions to seal must comply with Local Civil Rule 5.3.

21.    <u>No motions are to be filed without prior written permission from this Court.</u>  All dispositive motions must first be subject to a pre-motion conference. Discovery must be completed prior to the filing of a dispositive motion. These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b) and 56.1. The deadline for filing summary judgment motions shall be **[TBD].**

### VII.  EXPERTS

22.    Plaintiffs' expert reports shall be delivered **on or before [N/A]**. Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

23. Defendant's expert reports shall be delivered **on or before [N/A]**. Any such report shall be in the form and content as described above.

24. Expert discovery, including the depositions of any expert witnesses, shall be completed **on or before [N/A]**.

25. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

### VIII.  FINAL PRETRIAL CONFERENCE

26. A final pretrial conference shall be conducted pursuant to Civil Rule 16(e) on **[TBD].**

27. All counsel are directed to assemble at the office of plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the Final Pretrial Order in the form and content required by the Court, and, if a trial date has been scheduled, the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

28. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs, and any hypothetical questions to be put to an expert witness on direct examination.

29. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

30. The parties are reminded to abide by the Judicial Preferences and Individual Procedural Requirements of the Honorable Esther Salas, U.S.D.J., which can be found on the Court's Official Website at Esther Salas | District of New Jersey | United States District Court (uscourts.gov).

31. **Failure to appear at a Scheduling Conference, failure to prepare substantially or participate in a Conference, or failure to obey this Order or any Scheduling or other Pretrial Order may result in the issuance of appropriate sanctions pursuant to Federal Rules of Civil Procedure 16(f).**

                                         */s/ Jessica S. Allen*
                                         **Hon. Jessica S. Allen**
                                         **United States Magistrate Judge**

**cc:**   Hon. Esther Salas, U.S.D.J.