# Ballard Spahr
### LLP

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Raymond A. Quaglia
Tel: 215.864.8530
Fax: 215.864.8999
quaglia@ballardspahr.com

June 22, 2026

*Via ECF*

Honorable Esther Salas
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ  07102

Re:   Plaintiff's Request to Reopen Action
      *Wells Fargo Bank, N.A., as Trustee v. MICH 424 Park LLC*
      District of New Jersey, Civil Action No. 2:25-cv-00157-ES-JSA

Dear Judge Salas:

We represent the Plaintiff-Lender in this action to foreclose the commercial mortgage on a multifamily property in East Orange, New Jersey (the "Property").  On May 5, 2026, the Court entered a 60 Day Order Administratively Terminating Action (the "60-Day Order") (ECF Doc. No. 37), which, among other things:

> ORDERED that within 60 days after entry of this Order (or such additional period authorized by the Court), the parties shall file all papers necessary to dismiss this action under Federal Rule of Civil Procedure 41 or, if settlement cannot be consummated, request that the action be reopened.

It has become clear that, despite Plaintiff's best efforts, Defendant-Borrower's principal, Boruch Drillman, has no intention and no reason to consummate a settlement in this action. Accordingly, Plaintiff respectfully requests that the action be reopened and that Plaintiff be permitted to exercise its remedies.

Defendant has not made a payment to Plaintiff on the subject loan since December 2023, more than two and one-half years ago, and has stopped paying the property taxes for the Property. Plaintiff commenced this action 18 months ago on January 7, 2025.  For the past year, with the assistance of Magistrate Judge Allen, Plaintiff and its counsel have made every attempt to resolve this action without the need for Your Honor's involvement.  Those efforts have been for naught.

Honorable Esther Salas
June 22, 2026
Page 2

It was nearly one year ago on July 15, 2025, that we advised Judge Allen that "Plaintiff is awaiting a written proposal from Defendant's consultant for Plaintiff's consideration and potential approval." *See* ECF Doc. No. 19. Plaintiff continued to wait for an additional three and one-half months, when Defendant's consultant provided a proposal to purchase Plaintiff's note. *See* ECF Doc. No. 26. Plaintiff accepted the proposal and prepared a note sale agreement, but Defendant's consultant never resurfaced. *See* ECF Doc. No. 28.

Effective with the settlement conference conducted by Judge Allen on January 20, 2026, Defendant pivoted to a proposed discounted payoff ("DPO") of the loan. Plaintiff agreed in principle to a DPO and spent another three and one-half months negotiating the terms, which included Defendant's paying a deposit at signing and the balance of the DPO in 120 days.

Given the payment structure, time is obviously of the essence to Plaintiff. But although we sent a draft settlement agreement to Defendant's counsel on May 16, and despite our multiple follow-ups, we did not receive a response until June 16, one full month later. Plaintiff accepted all of Defendant's proposed changes on the sole condition that Defendant sign the agreement and pay the deposit by June 18, 2026. We have not received any response.

The fundamental problem is that Mr. Drillman has no economic incentive to sign an agreement and pay a deposit to Plaintiff when the status quo affords him all of the benefits but none of the burdens of operating the Property. For as long as he can delay a resolution, Mr. Drillman will continue to collect all of the rents from the Property without making any mortgage or tax payments. Time is entirely on his side.

Under these circumstances, we respectfully submit that the best and only opportunity to resolve this unnecessarily longstanding matter is to allow the foreclosure action to proceed. Plaintiff had filed a motion to appoint a receiver for the Property (the "Receiver Motion") on January 22, 2025 (ECF Doc. No. 6), which remained pending when the Court entered the 60-Day Order. The appointment of a receiver would prevent Mr. Drillman from continuing to collect the rents and eliminate the profitability to him of further delay. Similarly, Plaintiff intends to request leave to move for summary judgment, which would incentivize Mr. Drillman to consummate a settlement if he wishes to avoid losing the Property.

We regret the necessity of this request and very much appreciate Your Honor's consideration.

Respectfully,

*/s/ Raymond A. Quaglia*

Raymond A. Quaglia

cc:     Avram E. Frisch, Esq. (via ECF)